IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | Criminal Case Nos. 19-570, 20-040 |
| Remy Beamon | * | |

******

## MEMORANDUM AND ORDER

Federal defendant Remy Beamon moves to vacate his detention order issued originally by Magistrate Judge Thomas DiGirolamo on December 11, 2019 and affirmed by this Court after a hearing held on January 28, 2020.[1] The latest motion, which will be treated as a motion to reconsider this Court's affirmance in light of changed circumstances, has been fully briefed and no further hearing is necessary. For the reasons stated below, the motion will be denied.

The Court begins by noting that Beamon relies exclusively on the outbreak of the COVID-19 virus as the changed circumstance warranting release. Accordingly, the Court adopts the reasoning set forth in *United States v. Martin*, PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020). *See also U.S. v. Bilbrough*, TDC-20-033-3, ECF 76 (Order by Magistrate Judge Timothy J. Sullivan); *United States v. Parker*, TDC-18-344 (D. Md.), ECF No. 478 (Order by Magistrate Judge Simms); *United States v. Jefferson*, CCB-19-487 (D. Md.), ECF No. 25 (Order by Judge Blake); *United States v. Williams*, PWG-13-544 (D. Md.), ECF No. 94 (Order by Magistrate Judge Day).

Next, this Court recognizes that on two separate occasions, two separate judges

---

[1] The motion was filed in each of Beamon's pending matters, PX-19-570 at ECF No. 35 and PX-20-040 at ECF No. 6.

reviewed the facts and circumstances relevant to whether Beamon could be released pending trial, and as proscribed in the Bail Reform Act. *See* 18 U.S.C. § 3142; Case No. PX-19-570, ECF Nos. 14, 28. Each time, the Court found that no set of release conditions could reasonably assure the safety of the community were Beamon to be released. *Id.* None of these circumstances have changed.

Remy now requests that he be placed on electronic monitoring in the custody of his mother as third-party custodian. The Court has previously rejected these release conditions as suitable. *See* Case No. PX-19-CR-570, ECF No. 25, 28. Further, as the government explains in detail, precautionary measures have been implemented at the D.C. Jail through the District of Columbia Department of Corrections in light of the COVID-19 pandemic. *See* Case No. PX 20-CR-040, ECF No. 7.

To be sure, the Court sympathizes with Beamon, his family, and his counsel as to the anxiety surrounding COVID-19 during these difficult times. The Court does not find, however, that the COVID-19 outbreak changes its prior determination. Lastly, Beamon's current confinement conditions do not rise to the level of a constitutional violation such as to override the Bail Reform Act.

Accordingly, the motion is denied.

So Ordered this 25th day of March 2020.

/S/
Paula Xinis
United States District Judge